### GENERAL DRIVERS, WAREHOUSEMEN AND HELPERS, LOCAL UNION NO. 89, Plaintiff-Appellant,

v.

### HAYS & NICOULIN, INC., Defendant-Appellee.

### No. 77–3221.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 16, 1979.

Decided March 20, 1979.

George H. Logan, Hardy, Logan & Hastings, Louisville, Ky., for plaintiff-appellant.

W. Bruce Baird, Middleton, Reutlinger & Baird, Louisville, Ky., for defendant-appellee.

Before WEICK and MERRITT, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Plaintiff Union appeals from the District Court's entry of summary judgment in favor of defendant Company. The effect of the lower court's decision was to overturn an arbitration award directing the Company to reinstate a discharged employee with back pay. The Company's justification for the dismissal was that the employee's bad health rendered him unfit for his job.

The arbitrator based his decision on an interpretation of the following provision, § 2.20, of the collective bargaining agreement:

> The *qualified* employee with the greater seniority and *ability* to perform the work remaining to be done shall be the last employee laid off, providing this does not conflict with the provisions of Par. 1.10 above [regarding shop stewards], and the first to be recalled provided he has the ability to perform available work. *Ability shall be determined by the contractor in the first instance.* [Emphasis added.]

He determined that the sentence emphasized above indicated that, in later instances, such as grievance proceedings, the Company's determination of an employee's unfitness can be reviewed. The arbitrator then concluded, on the basis of expert medical testimony, that the discharged employee was not unfit.

The District Court disagreed with the arbitrator and held that the following sentence in Article I, § 1.8 of the bargaining agreement governed the dispute: "The [Company] shall be the sole judge of the qualifications, capability, number, purpose and tenure of the employees." The lower court concluded that this language indicated that the arbitrator could not contradict the Company's determination that the employee was unfit. The court held that, in so doing, the arbitrator exceeded his authority. We affirm.

The arbitrator's application of § 2.20 instead of § 1.8 was premised on the notion that the employee was laid off and then not recalled due to the Company's assessment of his unfitness. The record indicates, however, as the Union conceded in oral argument, that the employee was discharged. Consequently, the layoff and recall provisions of § 2.20 do not govern the instant dispute. Rather, the governing provision is § 1.8 which states that the Company is to be the sole judge of employees' qualifications and tenure. By substituting his judgment of the discharged employee's fitness for that of the Company, the arbitrator exceeded his authority under the collective bargaining agreement. His construction of the contract, therefore, did not draw "its essence from the collective bargaining agreement." *United Steelworkers v. Enterprise Wheel & Car. Corp.*, 363 U.S. 593, 599, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

Accordingly, the District Court's entry of summary judgment in favor of the Defendant-Appellee is affirmed. Costs of appeal are taxed to Plaintiff-Appellant.