**LOCAL UNION NO. 337 OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA and Peter Catalano, Plaintiffs-Appellees,**

v.

**ARMOUR AND COMPANY, A Delaware Corporation, Defendant-Appellant.**

No. 81–1765.

United States Court of Appeals,
Sixth Circuit.

Feb. 18, 1983.

---

1. The opinion of Judge Enslen may be found at 553 F.Supp. 408 (W.D.Mich., 1981).

**328**

Ronald G. Acho, Cummings, McClorey, Davis & Acho, Livonia, Mich., for defendant-appellant.

Jerome S. Coleman, Farmington Hills, Mich., for plaintiffs-appellees.

Before LIVELY and ENGEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

The defendant appeals from judgment of the district court in this action brought pursuant to § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 (1976). The plaintiff, Peter Catalano, had been employed by the defendant for approximately 34 years when he was terminated upon the closing of the Armour plant where he worked. At the time of the closing there was in effect a collective bargaining agreement between Armour and Local # 337 of the Teamsters Union which contained the following provision in Article XXVI:

(a) *WHEN PAID:*

Separation allowances shall be paid to employees having one or more years of continuous service who are permanently dropped from the service because of a reduction in forces arising out of the closing of a department or a unit of the business and when it is not expected that they will be reemployed.

Every other hourly employee at the closed facility with at least one year of service at the time of termination received separation pay and retained all vested pension rights. Catalano was denied separation pay because he was eligible for an immediate unreduced pension. Armour closed the facility on November 2, 1979 and the union and Catalano filed a grievance on November 9, 1979. When the grievance was not resolved the plaintiffs filed this action. Following a bench trial the district judge found for the plaintiffs and awarded Catalano damages of $20,757 plus interest.

On appeal Armour contends that the district court lacked jurisdiction because the plaintiffs failed to file a timely grievance and that the district court committed reversible error by ignoring unrebutted testimony of past practice of the company and the industry. The collective bargaining agreement required grievances to be presented within seven working days of the occurrence on which they are based. Armour contends that Catalano and the union were aware on October 30, 1979 of the decision not to grant separation pay to Catalano but did not file their grievance until ten days later. However, it appears that the occurrence which formed the basis of the grievance was the termination of Catalano without an award of separation pay and this took place on November 2, 1979. We conclude that the grievance was filed within the time prescribed and that the district court had jurisdiction.

In presenting its second issue Armour argues that the district court based its decision solely on the language of the collective bargaining agreement and failed to consider testimony concerning the purpose of separation pay and the practice of Armour and other employers in the industry with respect to separation pay for employees entitled to immediate unreduced pension at the time of termination. The district court admitted the evidence offered by Armour, but determined that the language of the collective bargaining agreement was controlling. When faced with an argument similar to that which Armour makes here this court recently wrote:

> This court has consistently adhered to the principle that an arbitrator may construe ambiguous contract language, but lacks authority to disregard or modify plain or unambiguous contract provisions. *See Detroit Coil v. Int. Assn. of Machinists & Aerospace Workers*, 594 F.2d 575 (6th Cir.1979); *Local Union No. 89 v. Hays & Nicoulin*, 594 F.2d 1093 (6th Cir. 1979); *Amanda Bent Bolt v. U.A.W., Local 1549*, 451 F.2d 1277 (6th Cir.1971).

*Sears, Roebuck and Co. v. Teamsters Local Union No. 243*, 683 F.2d 154 at 155–156 (6th Cir.1982) (per curiam).

The contract language previously quoted is clear and unambiguous and there are no other provisions of the contract which cast doubt on its meaning. We conclude that the district court properly construed the terms of the collective bargaining agreement and that it did not commit reversible error in ordering the same treatment for Catalano as the company accorded all other employees with one or more years of continuous service at the time of the closing of the plant.

The judgment of the district court is affirmed.