**DISTRICT 30, UNITED MINE WORKERS OF AMERICA,**
Plaintiff-Appellee,

v.

**SOVEREIGN COAL CORPORATION,**
Defendant-Appellant.

No. 83–5518.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 9, 1984.
Decided Dec. 7, 1984.

Harry C. Campbell, Richmond, Ky., John M. Stephens, Pikeville, Ky., Gary W. Callahan (argued), Knoxville, Tenn., for defendant-appellant.

James R. Hampton (argued), Pikeville, Ky., for plaintiff-appellee.

Before LIVELY, Chief Judge, KENNEDY and MILBURN, Circuit Judges.

PER CURIAM.

This is an appeal from a District Court order remanding an arbitrator's decision for reconsideration in light of additional evidence.

In June 1975, Joe Zankovitch suffered an on-the-job injury while employed by defendant Sovereign Coal Company. In October 1976, the Kentucky Workmen's Compensation Board awarded him $88.00 per week in disability payments, including payments retroactive to the date of the injury. In August of 1981, Sovereign Coal's insurance carrier settled Zankovitch's disability claim with a $40,000 lump sum payment. About three months later, Zankovitch tried to return to work, presenting Sovereign Coal with a doctor's slip indicating that he could now work. Sovereign Coal, however, refused to permit him to return.

Zankovitch filed a grievance, alleging that Sovereign Coal had violated Article III, Section J(3) of the National Bituminous Coal Wage Agreement of 1981, which provides that

> once employed, an Employee cannot be terminated or refused recall from a panel or recall from sick or injured status for medical reasons over his objection without the concurrence of a majority of a group composed of an Employer-approved physician, an Employee-approved physician, and a physician agreed to by the Employer and the Employee, that there has been a deterioration in physical condition which prevents the Employee from performing his regular work.

The grievance was submitted to arbitration. The arbitrator concluded that because the $40,000 settlement was a full and final settlement based on the belief that Zankovitch's disability was permanent and total, Zankovitch had "voluntarily terminated his employment" and Sovereign Coal was justified in refusing to allow Zankovitch to return to work.

The union then filed this suit under section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185, alleging the same violation of the collective bargaining agreement which Zankovitch had alleged in his grievance. Each party moved for summary judgment, agreeing that the only issue was whether the arbitrator's decision was supported by substantial evidence. The District Court recognized that if the arbitrator's decision was supported by substantial evidence, the court was powerless to vacate or modify it. The court found that the arbitrator's decision was in fact supported by substantial evidence; nevertheless, the court denied each party's motion for summary judgment and remanded the case to the arbitrator for reconsideration in light of additional evidence which the union presented to the District Court but, for some unexplained reason, had not presented to the arbitrator. Sovereign Coal appeals.

The additional evidence consisted of documents which undermined the arbitrator's finding that the $40,000 settlement was for permanent total disability. These documents indicated instead that the settlement was for permanent partial disability and that Zankovitch would return to work when his health permitted. The union proffered no reason for its failure to submit these documents for the arbitrator's examination in the first instance. There was no claim that the documents were not available to the union at the time of the arbitration hearing or that Sovereign Coal had prevented or interfered with the union securing them for that hearing.

■ The District Court cited no authority for its remand order. The Court acknowledged that courts generally may not review the merits of an arbitrator's award nor conduct a *de novo* proceeding. *See United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). It is true that courts may occasionally modify, reverse or vacate an arbitrator's decision, but such action is limited to situations where the arbitrator's decision fails to draw its essence from the collective bargaining agreement, *see United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960), or where the decision is tainted by fraud or other misconduct either of the arbitrator or of a party, *see* 9 U.S.C. § 10.

This Court has, on occasion, set aside arbitrators' decisions which did not draw their essence from the collective bargaining agreement. *See, e.g., General Drivers, Warehousemen and Helpers, Local Union No. 89 v. Hays & Nicoulin, Inc.*, 594 F.2d 1093 (6th Cir.1979) (arbitrator improperly substituted his judgment on employee's fitness for judgment of person empowered by the collective bargaining agreement to make that decision); *Magnavox Co. v. International Union of Electrical, Radio and Machine Workers*, 410 F.2d 388 (6th Cir.1969) (arbitrator improperly refused to apply explicit provisions of the collective bargaining agreement); *Local 342, United Automobile Aerospace & Agricultural Implement Workers of America v. T.R.W., Inc.*, 402 F.2d 727 (6th Cir.1968), *cert. denied*, 395 U.S. 910, 89 S.Ct. 1742, 23 L.Ed.2d 223 (1969) (arbitrator's decision improperly constituted additional terms to the collective bargaining agreement); *Timken Co. v. Local Union No. 1123, United Steelworkers of America*, 324 F.2d 738 (6th Cir.1963) (arbitrator's award was not rationally deducible from the collective bargaining agreement).

The court below, however, made no finding that the arbitrator's decision impermissibly departed from or added to the terms of the collective bargaining agreement. Nor did the court find any fraud or other misconduct. Rather, the court found only that there was additional evidence, not presented to the arbitrator, which might, on reconsideration, change the arbitrator's decision.

The union urges that the District Court's order is supported by *Electronics Corporation of America v. International Union of Electrical, Radio and Machine Workers*, 492 F.2d 1255 (1st Cir.1974), which held that an arbitrator's award cannot stand where it is clearly shown that the central fact upon which the arbitrator's decision hinges is not true. *Electronics Corporation of America*, however, is inapposite. As that court put it, "our holding today is only that where *the* 'fact' underlying an arbitrator's decision is concededly a nonfact and where the parties cannot fairly be charged with the misapprehension, the award cannot stand." *Id.* at 1257 (original emphasis). In *Electronics Corporation of America*, the arbitrator had based his decision on a "fact" the falseness of which was apparent from the undisputed evidence before him. The court ordered the matter resubmitted to arbitration to secure a decision not based expressly on a concededly false "fact."

In the instant case, the arbitrator did not base his decision on a "fact" which the evidence before him clearly contradicted. Rather, as the District Court noted, there

was substantial evidence before the arbitrator which supported his conclusion that the $40,000 settlement was for permanent total disability. While it is true that he might have reached a different conclusion had he considered the union's "additional evidence," his finding was not contrary to the evidence before him, as was the arbitrator's finding in *Electronics Corporation of America*. After finding that the settlement was for permanent total disability, the arbitrator would naturally conclude that Zankovitch had consented in the termination of his employment and was therefore not protected by the collective bargaining agreement.

■ The District Court's order will be vacated and the arbitration award reinstated. The court's order is not supported by any precedent, nor is it grounded in sound policy or equitable considerations. Efficient administration of court dockets as well as respect for the arbitration process preclude a policy of allowing parties to fail to present evidence to an arbitrator only to present the evidence to a court subsequent to an unfavorable arbitration decision. There is no inequity in precluding such delayed presentation of evidence, whether the delay be tactical or inadvertent. The arbitration process is effective largely because it is generally final. Review of the process may be had to ensure that the arbitrator has conscientiously operated within the terms of the collective bargaining agreement. Review may not be had simply because one party later wishes it had presented its case to the arbitrator in a different fashion.

The District Court's remand order is vacated, and the arbitrator's decision is reinstated.