791 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 LOUISVILLE GAS & ELECTRIC COMPANY, Plaintiff-Appellee,
v.
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 2100,
Defendant-Appellant.
 
 85-5590
 United States Court of Appeals, Sixth Circuit.
 4/1/86
 REVERSED AND REMANDED
 W.D.Ky.
 On Appeal from the United States District Court for the Western District of Kentucky
 Before: ENGEL, KENNEDY and CONTIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant International Brotherhood of Electrical Workers, Local 2100, appeals a judgment of the United States District Court for the Western District of Kentucky vacating an arbitration award.
 
 
 2
 This appeal arises out of appellee Louisville Gas & Electric Company's discharge of Jerry Reid Blair for falsification of his employment application. On October 12, 1979, Blair, a convicted felon, applied for employment with Louisville Gas. In response to a question on the application, he falsely asserted that he had never been convicted of a felony. He was hired and it appears that his employment proceeded without incident until late December, 1983. At that time, in reaction to an anonymous telephone call accusing Blair of misconduct involving company property, Louisville Gas discovered Blair's 1970 conviction.
 
 
 3
 On December 30, 1983, the union struck over terms and conditions of a new collective bargaining agreement. During the strike, notice of Blair's conviction was given to the personnel department. Upon conclusion of the strike, Blair was suspended and, following a hearing, discharged.
 
 
 4
 The arbitrator held that discovery of a falsification on an employment application could constitute grounds for discharge where the discovery was made shortly after employment began or where made pursuant to an investigation into employee misconduct. However, he found that Blair had worked for several years without incident before the falsehood was discovered, and that the anonymous phone call provided insufficient basis for the company's investigation. He consequently concluded that Blair's false assertion was not a proper cause for discharge and instead ordered Blair reinstated without back-pay, reasoning that Louisville Gas had acted in good faith in discharging Blair and that Blair's impropriety constituted cause for disciplinary suspension.
 
 
 5
 In an action brought by Louisville Gas, the district court vacated the arbitration award and denied the union's counterclaim for damages.* Finding that the employment application provided for dismissal because of falsifications, and that the arbitrator was not empowered to find cause for suspension but not for discharge, the court held that the arbitration award did not draw its essence from the collective bargaining agreement.
 
 
 6
 On appeal, the union contends that the district court exceeded the appropriate standard in reviewing the arbitration award and substituted its judgment for that of the arbitrator.
 
 
 7
 Even if we agreedwith the trial judge and with the company that the arbitrator placed undue and mistaken emphasis upon the fact that the employer had learned of Blair's falsehood after receiving an anonymous call, it does not follow therefrom that the arbitrator's decision failed to draw its essence from the terms of the collective bargaining agreement.
 
 
 8
 This is not a case where the arbitrator based his decision upon an essential fact having no support in the record. Compare Electronics Corp. of America v. Local 272, International Union of Electrical, Radio and Machine Workers, 492 F.2d 1255 (1st Cir. 1974). Here, counsel for the company acknowledges that the arbitrator could properly have ordered the relief he granted in this case upon a consideration of the equities shown by the proofs, i.e., Blair's satisfactory work performance and the fact of the long period of time between the misrepresentation and its discovery. Indeed, while the anonymous tip may have been an impermissible consideration, other equitable considerations are adequately established by the record. Further, the employer expressly agreed to submit the grievance to arbitration. While a factor, the reliance placed on the anonymous call by the arbitrator is not a basis for overturning the award. It simply is not the essential basis for the arbitrator's decision. See National Post Office v. United States Postal Service, 751 F.2d 834, 843 (6th Cir. 1985) (Stewart, j.); District 30, United Mine Workers of America v. Sovereign Coal Corp., 750 F.2d 37 (6th Cir. 1984).
 
 
 9
 The employer's assertion that somehow it was illegal for it to have hired Blair in the first place in view of his felony record overstates the intention of the collective bargaining agreement and is not to be found in its language. Nor do we find that the discharge was compelled by the terms of an existing Title VII consent decree to which the company was a party.
 
 
 10
 The purpose of judicial review in either the district court or on appeal is not to interpose a judicial judgment for that of the arbitrator. Even if we agree with the district judge that the arbitrator was unfairly critical of the employer's investigation, this was a judgmental and not a factual or legal matter and, as such, was entrusted to the broad discretion the parties conferred upon the arbitrator when they agreed to submit the dispute to him. 'Just as we must defer to an arbitrator's interpretation and application of a collective bargaining agreement, we must defer to an arbitrator's chosen remedies unless they demonstrate a 'clear infidelity' to the agreement itself.' National Post Office v. United States Postal Service, supra, 751 F.2d at 842, citing General Telephone Co. of Ohio v. Communication Workers, 648 F.2d 452, 457 (6th Cir. 1981). The arbitrator's substitution of suspension without pay for discharge was well within the range of relief which is customarily permitted under the terms of the collective bargaining agreement.
 
 
 11
 For these reasons, the judgment of the district court is REVERSED and the case remanded for the enforcement of the award of the arbitrator.
 
 
 
 *
 The union has abandoned its counterclaim on this appeal