**UNITED INTER–MOUNTAIN TELEPHONE COMPANY**

v.

**COMMUNICATIONS WORKERS OF AMERICA, LOCAL 3871, et al.**

No. CIV–2–86–239.

United States District Court, E.D. Tennessee, Northeastern Division.

May 26, 1987.

Steven E. Kramer, William C. Bovender, William E. Andersen, Kingsport, Tenn., for plaintiff.

Mary Kathryn Lynch, Atty., William A. McHugh, Jr., Adair, Scanlon & McHugh, P.C., Atlanta, GA., Helen DeHaven, Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM AND ORDER

HULL, Chief Judge.

This is an action for review of an arbitration award brought pursuant to § 301 of the Labor Management Relations Act (29 U.S.C. § 185) and 9 U.S.C. §§ 10 and 11. After the parties filed cross-motions for summary judgment, the Court conducted a hearing on May 1, 1987, during which the parties stipulated that no material facts were in dispute and that the Court could resolve the case upon the record.

The undisputed facts are as follows. In June, 1984, plaintiff, United Inter-mountain Telephone Company (the Company), determined that it must reduce its Outside Plant Engineering (OSPE) employees by six due

to lack of work and general economic conditions.

Steve Brown, the OSPE Manager, analyzed five OSPE districts, including Johnson City, Kingsport, Bristol, Greeneville, and Wytheville, Virginia and ultimately identified six surplus positions: one at Wytheville, two at Greeneville, two at Johnson City, and one at Kingsport. Five were held by non-bargaining unit employees and one by the grievant, Shirley Taylor, a member of the defendant union, Communications Workers of America, Local 3871, and a company employee since October 31, 1969.

Since 1979, Ms. Taylor had worked in an Engineering Clerk-Drafting position as one of three clerical employees in the Kingsport facility. Ruth Bates, an engineering clerical assistant; Yolanda Wolfe, a clerk-stenographer; and Ms. Taylor shared clerical-drafting duties, although Ms. Bates performed the more complicated drafting; Ms. Wolfe devoted most of her time to clerical duties, including shorthand; and Ms. Taylor divided her time between clerical and drafting work, as she was needed.

While Ms. Bates, Ms. Wolfe, and Ms. Taylor shared overlapping duties, the Company chose to retain Ms. Bates, who was the most skilled drafter, and Ms. Wolfe, who was the most skilled clerical worker. (Ms. Taylor could not do shorthand and was generally less skilled and less experienced at clerical work. In fact, she had applied for Ms. Wolfe's position and had not been hired due to her shorthand deficiencies.)

Therefore, on May 28, 1984, the Company gave Ms. Taylor notice of lay off and offered her an opportunity to displace a junior worker in her same wage scale in a nearby facility. Ms. Taylor refused this offer and filed a grievance against the Company, which culminated in an arbitration hearing on January 31, 1986. At arbitration the union and Ms. Taylor made no allegations that the company acted in bad faith or with union animus. Further, they did not question management's right to surplus positions due to a lack of work. However, they charged that under the collective bargaining agreement, the Company should have laid off Yolanda Wolfe instead of the grievant. The arbitrator sustained Ms. Taylor's grievance and awarded her the position held by Yolanda Wolfe, a non-bargaining unit employee, together with back pay from May 30, 1984 until December 15, 1985. The Company now asks the Court to vacate or modify the arbitrator's award.

 Due to the great deference that must be given an arbitrator's award, the Court's scope of review is narrow. A reviewing court has no authority to weigh the merits of the grievance and to substitute its own judgment for that of the arbitrator's. *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 598–99, 80 S.Ct. 1358, 1361–62, 4 L.Ed.2d 1424 (1960). Nevertheless, "the arbitrator is not unrestricted when fashioning an award" *Id.*, at 597, 80 S.Ct. at 1361; and where the arbitrator renders an award which is contrary to the express provisions of the contract, the Court may vacate the award. Furthermore, the arbitrator's award will not be enforced if his interpretation has no rational basis in the collective bargaining agreement:

> [An] arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from other sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award.

*Id.* Finally, the arbitrator may not base his award on policies and preferences outside the contract. *Local 1466, International Brotherhood of Electrical Workers, AFL–CIO v. Columbus & Southern Ohio Electric Co.*, 455 F.Supp. 471 (S.D.Ohio, 1978).

In seeking review of the arbitrator's award in this action, plaintiff contends that the arbitrator abandoned the contract, substituted his own judgment for that of

management, and rendered an award which does not draw its essence from the contract. Defendants, on the other hand, insist that the arbitrator's decision is based on sound contract interpretation and may not be overturned by this Court.

Accordingly, we now turn to the arbitrator's award. While holding for the grievant, the arbitrator initially found that the Company did possess general authority to lay off workers under Article 25 of the collective bargaining agreement. That article states, in pertinent part at §§ 25.02 and 25.03:

> Except as may be modified or restricted by the terms of this Agreement or by applicable labor laws, the Company shall have the exclusive right to ... assign, modify or change work duties or requirements, (and) lay off for lack of work or other proper reason....

> It is further understood and agreed that all rights heretofore exercised by, or inherent in the Company, not modified or restricted by the terms of this Agreement, are retained solely by the Company.

Accordingly, the arbitrator held that:

> Under its authority to "direct and supervise the Company's plant" and to "lay off for lack of work or other proper reason," as recognized by § 25.02, the Company made the initial decision to remove Ms. Taylor from the Engineering Clerk-Drafting Classification. It required no additional affirmative contractual authority to do so. Rather, ... the burden was upon the Union to point to one or more contractual limitations upon managerial authority which made it contractually impermissible for the Company to have done what it did.

Arbitration Opinion and Award, p. 10.

After analyzing the collective bargaining agreement, the arbitrator found no explicit modification of the Company's managerial rights to lay off the grievant. However, he determined that Article 25, which recognized that management may "lay off for lack of work or other proper *reason*" and § 18.01, in which "the Company recognized the right of its employees to perform its

work" and agrees to "make every *reasonable* effort to plan its work to accomplish this end" (emphasis supplied) form bases to imply a covenant of good faith and fair dealing.

Therefore, the ultimate issue, according to the arbitrator, was whether the Company acted reasonably in retaining a non-union employee, Ms. Wolfe, and laying off Ms. Taylor. The arbitrator then undertook to measure the comparative qualifications, experience, seniority, and value of Ms. Wolfe and Ms. Taylor, factored in Ms. Taylor's union status, and decided that Ms. Taylor was a more valuable employee than Ms. Wolfe. Therefore, he reasoned, the company had violated the implied covenant of good faith and fair dealing in choosing to retain Ms. Wolfe over Ms. Taylor.

■ After careful consideration of the arbitrator's award, the collective bargaining agreement, and the record as a whole, the Court finds that the arbitrator did abandon the contract and did exceed his authority in rendering this award.

The classic abuse of arbitral power which court review will remedy is the case of the arbitrator who ignores the contract and bases the award on policies and preferences external to the contract. In such case, the arbitrator is not fulfilling his duty to interpret the contract but is dispensing 'his own brand of industrial justice.'

*Local 1466, supra., quoting, United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960). In this case, the Court finds that the arbitrator did base his award on external preferences.

It is manifestly clear that Article 25 of the collective bargaining agreement grants the Company the exclusive power to promote, demote, discharge, and lay off employees. This exclusive right is subject only to modifications and restrictions of the collective bargaining agreement. "Except as may be modified or restricted by the terms of this agreement or by applicable labor laws, the Company shall have the *exclusive* right to ... lay off for lack of work or other proper reason." § 25.02

(emphasis supplied). "[A]ll rights exercised by, or inherent in the Company, not modified or restricted by the terms of this agreement, are retained *solely* by the company."

It is undisputed that no express terms of the contract limit the Company's exclusive authority. Nevertheless, the arbitrator implied a reasonableness standard on the Company's conduct and then attempted to evaluate the Company's reasonableness by substituting his own judgment of the relative values of the grievant and Yolanda Wolfe. Since he reached a different conclusion than the Company as to the relative merits of the two employees, he decided that the Company had acted unreasonably and had breached its duty of good faith.

Of course, the Company was bound by a covenant of good faith and fair dealing; and certainly the arbitrator did not exceed his authority in implying a reasonableness standard on the conduct of the Company. However, in applying the standard, the arbitrator did not evaluate whether the Company had legitimate reasons for choosing to retain Ms. Wolfe and to lay off Ms. Taylor. He did not find that the Company acted in bad faith or that the Company acted capriciously or without reason. Instead, he substituted his own judgment for that of the Company's, evaluated the relative merit of the employees, and found that the Company's decision was incorrect. Having determined that Ms. Taylor was, in his mind, the more experienced and the more valuable worker, he concluded that the Company had acted unreasonably and issued an award in favor of Ms. Taylor. In doing so, he abandoned the contract, which granted the employer the exclusive and sole right to lay off; substituted his own judgment for that of the employer's; and "dispensed his own brand of industrial justice."

In *General Drivers, Warehousemen and Helpers, Local Union No. 89 v. Hays & Nicoulin, Inc.*, 594 F.2d 1093 (6th Cir. 1979), the Court found that where, under the collective bargaining agreement, the employer retained the exclusive right to judge the merit and ability of his employees, the arbitrator may not second guess the employer.

By substituting his own judgment of the discharged employee's fitness for that of the Company, the arbitrator exceeded his authority under the collective bargaining agreement. His construction of the contract, therefore, did not draw 'its essence from the collective bargaining agreement.'

*Id.*, at 1094, *quoting, Enterprise Wheel & Car Corp., supra.*

While the collective bargaining agreement in this case did not explicitly state that only the employer could judge the ability of its employee, it did grant exclusive and sole power to the employer to lay off. Therefore, short of demonstrated bad faith, capriciousness, or invidious intent, the arbitrator exceeded his authority in concluding that the Company's actions were unreasonable because they laid off an employee, which in his own judgment, was more worthy. Accordingly, the plaintiff's motion for summary judgment is GRANTED; defendants' motion for summary judgment is DENIED; and it is ORDERED that the award of the arbitrator be VACATED.

ENTER: