Eugene Joseph WHITE, Plaintiff,

v.

**ANCHOR MOTOR FREIGHT, INC., a Corporation, and International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Local 580, a Labor Organization, Defendants.**

No. G 86–213 CA5.

United States District Court, W.D. Michigan, S.D.

March 29, 1988.

Barbara Harvey, Detroit, Mich., for plaintiff.

Gregory Miller of Previant, Goldberg, Uelmen, Gratz, Miller & Brueggerman, Milwaukee, Wis., for Int'l Brother. of Teamsters.

David R. Knowles of Allport & Knowles, Cleveland, Ohio, for Anchor Motor Freight.

## OPINION

BELL, District Judge.

This matter is before this Court on defendants' motions to dismiss or alternatively for summary judgment on plaintiff's complaint alleging that (1) his employer breached a collective bargaining agreement, (2) his union breached its duty of fair representation, and (3) the resultant voidness of a joint arbitration committee decision sustaining his discharge. Defendant Anchor Motor Freight appeals from an order denying its motion to strike jury demand as to plaintiff's claim that Anchor breached the collective bargaining agreement. Plaintiff appeals from order granting Teamsters Local 580's motion to strike jury for its breach of the duty of fair representation.

## BACKGROUND

Plaintiff Eugene White (White) was a carhauler employed by defendant Anchor Motor Freight (Anchor), an interstate automobile transporter, and represented for collective bargaining purposes by defendant International Brotherhood of Teamsters, Local 580 (Local 580). All three parties are subject to a collective bargaining agreement, the National Master Automobile Transporters Agreement and the Central and Southern Conference Areas Supplemental Agreements (Agreement).

On March 27, 1985, White was involved in a *cargo damage incident* classified under Rule 4(d) of the Agreement for which he received 10 day suspension. On August 21, 1985 White was involved in an *accident* classified under Rule 1(a) for which he was suspended pending investigation and discharged on September 10, 1985.

At the time White was discharged he was a leader of the Teamsters for a Democratic Union (TDU) and had filed unfair labor practice charges with the National Labor Relations Board (NLRB) against Anchor and Local 580 claiming they interfered with the distribution of TDU literature. He was also a potential candidate for union office.

The Agreement, art. 7, §§ 3–13, established a grievance procedure providing for an initial informal local level hearing and higher levels of joint panel hearings, composed of equal union and employer representation. A simple majority resolves the grievance. A consistent deadlock will progress to the National Joint Arbitration Committee composed of one union and one employer member and a third-party arbitrator.

White grieved his discharge. Pursuant to the Agreement's grievance procedures. Local 580 investigated and presented White's grievance to a joint arbitration panel, which sustained the discharge.

White then brought a three count action under § 301 of the Labor–Management Relations Act (LMRA), 29 U.S.C. § 185(a), alleging: that Anchor violated the Agreement's rules and its past interpretation as to employee discharge for cargo damage and accidents (Count 1), that Local 580 violated its duty of fair representation by its perfunctory, inadequate, and disingenuous handling of his grievance (Count 2), and that the joint committee decision should be voided because of its intentionally prejudicial composition and compromised character.

## DISMISSAL AND SUMMARY JUDGMENT

### Claims of the Parties

### ANCHOR MOTOR FREIGHT and TEAMSTERS LOCAL 580

Defendants assert that plaintiff's complaint must be dismissed because this Court lacks jurisdiction. They assert that plaintiff's suit is actually an action on an unfair labor practice alleging retaliatory discharge for his filing NLRB charges against his union and employer. Retaliatory discharge is an unfair labor practice under §§ 8(a)(4) and 8(b)(4) of the NLRA subject to the exclusive jurisdiction of the NLRB under the *Garmon* doctrine. *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 244, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959), *Buscemi v. McDonnell Douglas Corp.*, 736 F.2d 1348 (9th Cir. 1984).

Further, defendants assert that only if the retaliatory discharge violated a term of the collective bargaining agreement would plaintiff's claim would be proper in this District Court under § 301 of the NLRA. *Hudson v. Teamsters, Local No. 957*, 536 F.Supp. 1138 (S.D. Ohio W.D.1982). *Ruzicka v. General Motors Corp.*, 649 F.2d 1207 (6th Cir.1981). There is no specific term of the Agreement prohibiting retaliatory discharge. In fact, plaintiff has stated that no other basis for his discharge existed. (White Dep. at 14–15) The claim alleges only an unfair labor practice and not a violation of a specific term of the Agreement. This claim is not jurisdictionally proper before this federal District Court.

Defendants also claim that the complaint must be dismissed because Plaintiff cannot adequately state his § 301 claim which requires alleging that Anchor violated the Agreement, that Local 580 breached its duty of fair representation, and that the union's breach tainted the arbitration panel's decision. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976), *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), *Wood v. International Brotherhood of Teamsters*, 807 F.2d 493, 501 (6th Cir.1986). Further, to withstand a motion for summary judgment plaintiff must present a genuine issue of grossly deficient representation showing that the union's conduct is arbitrary, discriminatory, in bad faith, and contributes to an erroneous determination in the grievance proceedings. *Ash v. United Parcel Service*, 800 F.2d 409, 411 (4th Cir.1986). Plaintiff cannot meet this standard. None of plaintiff's claims amounts to a grossly deficient representation. On the contrary, plaintiff admit-

ted that he had a fair hearing. (White Dep. at 124). Moreover, plaintiff's discharge did not breach the Agreement. Plaintiff had two major chargeable accidents in five months, each of which subjected plaintiff to discharge under Rules 1(a) and 4(d) of the Agreement. Under the Agreement an employee is subject to discharge when he is responsible for a "major chargeable accident." Plaintiff, in fact, admits that the accident was his fault. Therefore, Anchor did not violate the Agreement.

Further, defendants contend that plaintiff lacks standing to vacate the panel's award in an action under the Agreement where the union has represented plaintiff fairly. Plaintiff's claim that the arbitration committee was partial is simply groundless. Since there is no evidence of fraud, bias, bad faith, or collusion this Court must give deference and finality to decision of the joint committee. *District 30, United Mine v. Sovereign Coal Corp.*, 750 F.2d 37 (6th Cir.1984), *Morris v. Werner-Continental, Inc.*, 466 F.2d 1185 (6th Cir.1972). *F.W. Woolworth Co. v. Local 781, Teamsters*, 629 F.2d 1204, 1208 (7th Cir.1980). Finally, plaintiff's attempt to vacate the panel's award is barred by the three month statute of limitations provided in the U.S. Arbitration Act, 9 U.S.C. § 12.

WHITE

White argues that dismissal and summary judgment are inappropriate. White asserts that Anchor discharged White in breach of the Agreement claiming that White's discharge was arbitrary and discriminatory. Anchor was contractually obligated to reinstate White because both the August 21, 1985, accident and the March 21, 1985, cargo damage incident should have been considered minor and not major. White admits fault in the accidents, but maintains that it was due to a minor degree of negligence. The distinction between minor and major depends on the degree of negligence, not on the dollar amount of damage, otherwise drivers hauling more expensive cargoes would be arbitrarily penalized. (Tanner Dep.) An impartial evaluation of the incidents would have considered the amount of negligence in White's accidents minor, not major. This is a dispute of material fact and precludes summary judgment.

Moreover, Anchor's accident records indicate that accidents similar to White's were considered minor, or if considered major did not result in discharge. Under the Agreement White's two incidents are properly evaluated under different infraction categories: Accidents—Rule (1)(a) and Cargo Damage—Rule 4(d). Anchor aggregated the two infractions to substantiate a discharge. The Agreement's infraction classification does not allow it.

Further, White's complaint alleges a breach of the Agreement and not merely an unfair labor practice. White's complaint specifically alleges that Anchor breached the terms of the Agreement by discharging him without just cause and not reinstating him, Complaint, Count 1, 18–21. Any allegation of retaliatory discharge is distinct from the breach of the Agreement. Thus, White's claims are not preempted by § 8(a)(4) of the NLRA, 29 U.S.C. § 158(a)(4). White's claims arise under § 301 of the NLRA, 29 U.S.C. § 185(a). Thus, the *Garmon* preemption doctrine does not apply.

Moreover, White asserts that Local 580 breached its duty of fair representation. Under the applicable disjunctive test the duty is breached by discriminatory, *or* arbitrary, *or* bad faith, *or* dishonest, *or* perfunctory grievance processing. *Vaca v. Sipes, supra, Int'l. Bro. of Electrical Workers v. Hechler,* —— U.S. ——, 107 S.Ct. 2161, 2169 n. 6, 95 L.Ed.2d 791 (1967), *N.A.A.C.P., Detroit Branch v. Detroit Police Officers Association,* 821 F.2d 328, 331–332, 125 LRRM 2784, 2786 (6th Cir. 1987). White offers affidavits attesting that the union and its agents were hostile to and discriminatory in representing White's interests, Cooper's handling of White's case was arbitrary and perfunctory, and the union had a biased hearing panel.

ANALYSIS

■ Defendants' *Garmon* preemption doctrine arguments are defective. Defendants' attempt to characterize White's cause

of action as an unfair labor practice, *i.e.*, retaliatory discharge cognizable only under § 8(a)(4) of the NLRA, 29 U.S.C. § 158(a)(4). Although the retaliatory aspect is present, the complaint specifically alleges a breach of the Agreement in that White claims that he was discharged without just cause and not reinstated as required under the Agreement cognizable as part of a "hybrid action" under § 301 of the NLRA, 29 U.S.C. § 185(a).

■ Defendants correctly note that Rule 1(a) and Rule 4(d) provide for discharge for a major accident and major cargo damage. But plaintiff factually disputes with affidavits Anchor's characterization of the accident and cargo damage incident as major under the terms of the Agreement as interpreted by Anchor in its course of performance and dealing with other employees. (Affidavits of Britt Morgan, Steven Kindred, and White)

■ White has provided adequate affidavits creating a genuine issue of material fact as to the biased, dishonest, arbitrary, perfunctory nature of Local 580's processing of White's grievance. Summary judgment is inappropriate. (White Dep. 116, 118, 123, 146, 155, 186–187, 201–202, Affidavits of William Sumerfield, Dave Smith, H.C. Hulett, and White)

■ Local 580 argued for a three month limitation on plaintiff's action under the federal Arbitration Act, 9 U.S.C. § 12 citing *Occidental Chemical v. Local 820, Intern. Chem. Work.*, 614 F.Supp. 323 (W.D. Mich.1985). However, *Occidental* provides little authority. The *Occidental* court notes that *DelCostello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) establishes a six month statute of limitation under § 10(b) of the NLRA, 29 U.S.C. § 160(b), for *hybrid* § 301 claims. The present case is a hybrid § 301 claim, the limitation period should be six months. The action is timely.

## APPEAL OF MAGISTRATE'S RULING STRIKING JURY DEMAND

### Claims of the Parties

#### ANCHOR MOTOR FREIGHT

Anchor asserts that a hybrid § 301 suit is an inextricably intertwined single cause of action requiring the exact same elements of proof for both claims against the employee's union and employer. *DelCostello, supra.* To prevail the plaintiff must prove that (1) the union breached its duty of fair representation, (2) the breach undermined the arbitration process, and (3) the employer's discharge of the employee violated the collective bargaining agreement. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976), *Wood v. International Brotherhood of Teamsters*, 807 F.2d 493 (6th Cir. 1986).

Anchor notes that the magistrate's opinion adopted the reasoning of Judge Contie's concurring opinion in *Wood, supra.* Judge Contie recognized two separable claims in a hybrid § 301 suit, a legal claim—the breach of the collective bargaining agreement, and an equitable claim—the breach of the duty of fair representation. Judge Contie recognized that the nature of the relief sought determines whether a claim is either legal or equitable. The fair representation claim is equitable because it primarily seeks to set aside the arbitration award. Because the claims are inextricably intertwined, so is the nature of their mutual primary relief, namely, setting aside of the arbitration award, which, again, is an equitable form of relief. Since the nature of relief determines the nature of the claim for purposes of jury availability, no jury should be allowed for the inextricable breach of contract claim. Plaintiff's claim of back pay is only incidental to the primary relief of setting aside the arbitration award and reinstatement.

#### WHITE

White also recognizes that the claims in a hybrid § 301 suit are inextricably intertwined. But White further maintains that the primary and fundamental claim is the breach of the collective bargaining agreement because the breach occasions the suit and rectification of the breach is the ultimate object of the suit. The primary relief is back pay and reinstatement. The fundamental claim is a contract dispute with the

employer and an incidental claim against the union. The union does not provide the back pay or reinstatement.

Moreover, White argues that a simple § 301, breach of collective bargaining agreement claims, are triable to a jury. *Local 783 v. General Electric Co.*, 471 F.2d 751 (6th Cir.1973). Since the hybrid § 301 suit is inextricably integrated the whole suit should be tried to a jury if one of the claims is legal in nature—as is the breach of contract claim. The great weight of authority recognizes that the entire hybrid § 301 claim is triable to a jury. *Quinn v. Di Guilian*, 739 F.2d 637, 646–647 (D.C.Cir.1984), *Kinzel v. Allied Supermarkets*, 88 F.R.D. 360, 362 (E.D.Mich. 1980).

White contends that Judge Contie's dicta that the primary relief in a fair representation claim is the setting aside of a grievance decision is dubious. The grievance decision is a bar to suit against both the union and employer. *DelCostello, supra.* No additional relief is awarded plaintiff when the grievance decision is set aside, plaintiff merely proceeds with the other claims. Relief sought against the union is quintessentially legal: conventional damages, attorney's fees, litigation costs, mental anguish, and a portion of accrued back pay.

Further, White reasons the right to a jury trial that would otherwise exist cannot be defeated by characterizing some equitable claim as basic and some legal as incidental. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478, 82 S.Ct. 894, 900, 8 L.Ed.2d 44 (1962). Where a single issue may be either legal or equitable depending on the remedy awarded a jury should decide the issue even though the court could also decide whether to grant historically equitable relief. *See* 9 Wright & Miller, § 2306, p. 37. Plaintiff is entitled to a jury on fact issues common to both claims. Plaintiff's Count III seeks to set aside the grievance. Fact questions under Count III which are not common to Counts I (breach of collective bargaining agreement) and II (duty of

fair representation) are not triable to a jury.

ANALYSIS

■ This Court initially notes that Judge Contie's reasoning in *Wood, supra,* is *dicta.* Judge Contie relies on *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), for a three step analysis to determine the legal or equitable nature of an issue. First, the premerger custom; second, the remedy sought; third, the practical abilities and limitations of juries. Judge Contie notes that the Sixth Circuit recognizes the remedy sought as the most significant aspect. *Hildebrand v. Board of Trustees*, 607 F.2d 705, 708 (6th Cir. 1979). Judge Contie states that the relief sought for a breach of the duty of fair representation is the setting aside of an arbitration award. Apparently Judge Contie asserts this because "in order to reach the breach of contract issue, the plaintiffs had to have the arbitration award set aside, which could only be done by proving that the Union breached its duty of fair representation and also seriously undermined the arbitration process." *Wood*, at 504. Judge Contie recognizes the logical and procedural order of setting aside a grievance award in a hybrid § 301 action, acknowledging the grievance decision as an impediment to bringing a hybrid § 301 suit. Nevertheless, setting aside a grievance award is not properly characterized as relief in a suit for breach of a duty of fair representation. Breach of the duty of fair representation is a tort. Relief is damages as specified by plaintiff: attorney's fees, litigation costs, back pay, and emotional distress damages.

An existing grievance award operates as a bar to hybrid § 301 litigation, like res judicata or collateral estoppel in other litigation. A suit to set aside a former adjudication, such as defective grievance award, is different from a suit affirmatively asserting a tort, such as a breach of a duty of fair representation. Some of the proofs may be the same, but the claim, issue, and object are distinct.

Endorsing Judge Contie's *dicta* in *Woods*, Magistrate Brenneman signed an

order prepared by defendant's counsel permitting a jury for the breach of contract claim and denying a jury for the fair representation claim. Plaintiff submitted a similar order with the exception that the jury demand is not struck as to "the question of union liability for damages." Magistrate Brenneman's bench opinion reflects an understandable judicial ambivalence whether a jury should decide the issue of damages. He characterizes the issue as essentially equitable with incidental damages and states: "And so I come down and decide if trying—letting the judge decide the damages that the—that may be present as a result of the union's breach. However, if you have a jury in placed [sic] and they've heard the evidence, I suppose the Court could also let the jury decide the question of damages. But I think, as I said, its incidental to the issue, the issue is an equitable one, and I think that's a question the judge can decide." This Court determines that Plaintiff's order is preferable because it provides a jury for damages—fees, costs, emotional distress, back pay, which are legal remedies. The setting aside of the arbitration award is in the nature of removing a procedural bar to a hybrid § 301 action than affirmative relief. And insofar as damages are sought, a jury determination is most appropriate. Plaintiff's appeal from Magistrate Brenneman order is granted, defendant Anchor Motor Freight's appeal is denied.

## CONCLUSION

In accord with the foregoing analysis this Court denies defendants' motions to dismiss or alternatively for summary judgment. This Court also denies defendant Anchor Motor Freight's appeal from Magistrate Brenneman's order and grants plaintiff White's appeal from Magistrate Brenneman's order to permit a jury to decide the issue of the union's liability for damages.