941 F.2d 1211
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Edward STEGER, Defendant-Appellant.
 No. 91-3080.
 United States Court of Appeals, Sixth Circuit.
 Aug. 26, 1991.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and HARVEY, Senior District Judge.*
 PER CURIAM:
 
 
 1
 James Edward Steger was convicted by a jury of possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g). Steger appeals the District Court's denial of his motion for judgment of acquittal and his motion for a new trial. We AFFIRM.
 
 
 2
 James Steger is a convicted felon. On June 15, 1990, Drug Enforcement Administration ("DEA") agents executed a search warrant at the apartment where the defendant lived. Inside a closet adjacent to Steger's bedroom a small travel bag was found. Attached to the handle of the bag was an airline identification tag containing Steger's name and address. Inside the bag was a boarding pass and airline ticket receipt in the name of Steger, dated March 27, 1990. Also inside the bag was a 9-millimeter semiautomatic pistol and a 45-caliber pistol.
 
 
 3
 Steger was charged with one count of violating 18 U.S.C. § 922(g) which, inter alia, makes it unlawful for a convicted felon to transport or possess in or affecting commerce, any firearm or ammunition. Following the government's case-in-chief, Steger moved for judgment of acquittal on the ground that the evidence was insufficient to convict. The motion was denied. Steger then testified in his own defense and, at the conclusion of all the evidence renewed his motion for judgment of acquittal. The motion was denied. Steger then moved for a new trial on the ground that erroneous evidence was admitted at trial. The motion was denied. Steger was convicted and this timely appealed followed.
 
 
 4
 A defendant claiming insufficiency of evidence bears a "very heavy burden." United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.), cert. denied, 476 U.S. 1123 (1986). A conviction appealed on this ground will be affirmed if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). In addition, "[t]he government must be given the benefit of all inferences which can reasonably be drawn from the evidence ... even if the evidence is circumstantial." United States v. Adamo, 742 F.2d 927, 932 (6th Cir.1984), cert. denied, 469 U.S. 1193 (1985) (citations omitted).
 
 
 5
 Steger does not contest the commerce element of the crime. Rather, the crux of Steger's defense was that he did not possess the guns that were in the bag despite the fact that his name tag was on the bag and his airline ticket stub was in the bag. He also argued that there were other people who lived in the apartment or who had access to the apartment and that none of his fingerprints was found on either gun. The question presented is whether the government put on sufficient evidence to show that Steger actually or constructively possessed the two guns.
 
 
 6
 As authority for his insufficiency of evidence argument, Steger cites United States v. Beverly, 750 F.2d 37 (6th Cir.1984). In that case the defendant was at another person's residence when the police executed a search warrant. An officer noticed that a waste basket near the defendant contained two objects: an unzipped purse containing a handgun and another loose handgun. Beverly's fingerprint was on one of the guns. This Court held that the government failed to prove constructive possession because the evidence proved only that Beverly was in the kitchen of another's residence, that he was standing near a waste basket containing two guns, and at some point he had touched one of the guns. On those facts, this Court held that there was insufficient proof that either of the guns was within Beverly's direct or indirect control.
 
 
 7
 This case is clearly distinguishable from Beverly. Here the guns were found in defendant's residence in a closet adjacent to his bedroom. Here the bag containing the guns was identified as belonging to the defendant. And here the bag contained other property of the defendant, namely an airplane ticket receipt and boarding pass. From this evidence, unlike that presented to the Beverly Court, one could reasonably infer that the bag and its contents belonged to defendant. Cf. United States v. Stockheimer, 807 F.2d 610 (7th Cir.1986) (sufficient evidence of possession where guns were seized from mobile home where defendant resided), cert. denied, 481 U.S. 1018 (1987). As the Beverly Court pointed out: "Both actual possession and constructive possession may be proved by direct or circumstantial evidence. It is not necessary that such evidence remove every reasonable hypothesis except that of guilt." 750 F.2d at 37 (quoting United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.), cert. denied, 414 U.S. 866 (1973)).
 
 
 8
 We conclude, after construing all the evidence and reasonable inferences therefrom in the light most favorable to the government, that the circumstantial evidence presented allowed the jury to reasonably infer that Steger possessed the guns.
 
 
 9
 Steger also contends that he should have been granted a new trial. This is so, he argues, because certain evidence presented at trial was erroneous and was of such magnitude as to have affected the verdict.
 
 
 10
 During its case-in-chief one of the DEA agents who executed the search warrant at defendant's apartment testified that Steger had two California driver's licenses and one Ohio driver's license. During his defense, Steger testified that he did not have an Ohio driver's license. The agent was called in rebuttal and testified that Steger had shown him a permanent Ohio driver's license. During closing arguments the government argued that the issue was important to determine credibility.
 
 
 11
 During deliberations, the jury requested confirmation as to whether or not defendant had an Ohio driver's license. The District Court instructed them that they could only have the evidence of record on that question reread to them. Shortly thereafter, the jury convicted defendant.
 
 
 12
 Defendant made a post-trial motion for a new trial, attaching information from the Ohio Bureau of Motor Vehicles showing that defendant did not in fact have a permanent Ohio driver's license, but only a temporary license. Defendant argues that the issue of credibility was critical here, as evidenced by the government's closing argument and the jury's inquiry, and that defendant was telling the truth.
 
 
 13
 A trial court's determination that a new trial is not warranted will not be reversed absent clear abuse of discretion. United States v. O'Dell, 805 F.2d 637, 640 (6th Cir.1986), cert. denied, 484 U.S. 859 (1987). In this case the discrepancy identified by defendant--the distinction between a permanent license and a temporary license--is a small one. The fact is that defendant admits to having had an Ohio driver's license, albeit the DEA agent apparently was mistaken in identifying it as a permanent license. Defendant argues that if the evidence he has "newly discovered" had been presented at trial, he would likely have been acquitted. The District Court obviously disagreed. That court is in the best position, having presided over the trial, to gauge the significance of such evidence and to determine its probable effect on the factfinder. We cannot say that the District Court abused its discretion in denying defendant's motion for a new trial.
 
 
 14
 Accordingly, for the reasons stated we AFFIRM the District Court's denial of the Motion for Judgment of Acquittal. Likewise, we AFFIRM the denial of defendant's Motion for a New Trial.
 
 
 
 *
 The Honorable James Harvey, United States District Court for the Eastern District of Michigan, sitting by designation